# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-20483
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jermaine Deshan West,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-355-1

———————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

Jermaine Deshan West pleaded guilty to one count of conspiring to possess with intent to distribute 500 grams or more of methamphetamine, 500 grams or more of cocaine, and hydrocodone and oxycodone; four counts of aiding and abetting possession of a mixture and substance containing a detectable amount of cocaine, with intent to distribute, within 1000 feet of a

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20483

high school; one count of possessing with intent to distribute 500 grams or more of methamphetamine; one count of possessing with intent to distribute a mixture or substance containing a detectable amount of hydrocodone; and three counts of aiding and abetting possession of a mixture and substance containing a detectable amount hydrocodone and oxycodone with intent to distribute. West received a within-guidelines sentence of a total of 280 months of imprisonment, to be followed by six years of supervised release. On appeal, West argues that the district court incorrectly calculated his offense level under the Sentencing Guidelines. He further contends that the district court's reliance on the methamphetamine Guidelines rendered his within-guidelines sentence substantively unreasonable.

West challenges the district court's application of the four-level sentencing enhancement for being a leader or organizer pursuant to U.S.S.G. § 3B1.1(a). Because West preserved his challenge in the district court, we review de novo the district court's interpretation or application of the Sentencing Guidelines and its factual findings for clear error. *See United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015). We conclude that the record supports the application of § 3B1.1(a). *See United States v. Sims*, 11 F.4th 315, 325 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 827 (2022). Despite West's argument that he was not a leader or organizer because he did not own or operate any of the clinics or pharmacies involved in the drug trafficking, the district court could reasonably infer from the findings in the presentence report (PSR) that West was a leader or organizer in the criminal activity to support application of a four-level sentencing enhancement. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006); *see also* § 3B1.1, comment. (n.4). West presented no rebuttal evidence indicating that any of the facts in the PSR were inaccurate or materially untrue. *See Caldwell*, 448 F.3d at 290. West fails to demonstrate that the district court's factual finding was not "plausible in light of the record as a whole." *Id*.

Finally, West preserved his challenge to the substantive reasonableness of his sentence, *see Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020), and our review is for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 49-50 (2007). Because West's sentence of 280 months of imprisonment is within the properly calculated guidelines range, it is presumptively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). We have rejected West's argument that a within-guidelines sentence is substantively unreasonable because the applicable methamphetamine Guideline lacks an empirical basis. *See United States v. Lara*, 23 F.4th 459, 486 (5th Cir. 2022), *cert. denied*, 142 S. Ct. 2790 (2022); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). In addition, he fails to rebut the presumption that his sentence is reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.